UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SUZANNE KREMM SOWIN,

    Plaintiff,

vs.    Case No. 3:12-cv-560-J-MCR

CAROLYN W. COLVIN,[1] Acting Commissioner
of the Social Security Administration,

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER[2]

This case is before the Court on Plaintiff's appeal of an administrative decision denying her application for Social Security benefits. The Court has reviewed the record, the briefs, and the applicable law. For the reasons set forth herein, the Commissioner's decision is **AFFIRMED.**

**I.    PROCEDURAL HISTORY**

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on January 29, 2010, alleging a period of disability beginning December 15, 2009. (Tr. 136-37). The claim was denied administratively and Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") on September 8, 2010. (Tr. 78). On June 15,

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. (Docs. 12 and 14).

2011, a hearing was held before the Honorable Gregory J. Froehlich (the "ALJ"). (Tr. 12). On September 14, 2011, the ALJ issued a decision finding Plaintiff not disabled. (Tr. 41, 54). The Appeals Council ("AC") denied Plaintiff's request for review. (Tr. 1-4). Having exhausted all administrative remedies, Plaintiff timely filed her Complaint on May 9, 2012 (Doc. 1), seeking judicial review of the ALJ's final decision.

## II.     NATURE OF DISABILITY CLAIM

### A.     Basis of Claimed Disability

Plaintiff claimed to have been disabled since December 15, 2009, as a result of osteoarthritis of the right knee, carpal tunnel syndrome in the right hand, trigger finger, lumbar degenerative disc disease, obstructive sleep apnea, and diabetes mellitus. (Tr. 151). Plaintiff was 55 years of age at the time the ALJ conducted the June 15, 2011 administrative hearing. (Tr. 133). Plaintiff has a high school diploma and past relevant work experience as a customer service representative in a retail setting and a customer service representative at a call center.[3] (Tr. 209-13, 365).

### B.     Summary of the ALJ's Decision

A plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than 12 months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 20 C.F.R. § 404.1505. The ALJ must follow five steps in evaluating a claim of disability. See 20

---

[3] During the administrative hearing on June 15, 2011, Plaintiff testified she was formerly a child care provider for her grandchildren from 2005-2009, however, her last wage reported was as a customer service representative in retail in 2005.

C.F.R. §§ 404.1520.  First, if a plaintiff is engaging in substantial gainful activity, she is not disabled.  20 C.F.R. § 404.1520(b).  Second, if a plaintiff does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled.  20 C.F.R. § 404.1520(c).  Third, if a plaintiff's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled.  20 C.F.R. § 404.1520(d).  Fourth, if a plaintiff's impairments do not prevent her from doing past relevant work, she is not disabled.  20 C.F.R. § 404.1520(e).  Fifth, if a plaintiff's impairments (considering her RFC, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled.  20 C.F.R. § 404.1520(f).  Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146, 107 S.Ct. 2287 n.5 (1987).

In this case, the ALJ determined Plaintiff met the nondisability requirements of the Social Security Act (the "Act")  and was insured for benefits through December 31, 2010.  (Tr. 46).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her alleged onset date of December 15, 2009.  Id.  At step two, the ALJ found Plaintiff had the following severe impairments: osteoarthritis of the right knee, carpal tunnel syndrome/trigger finger, lumbar degenerative disc disease, obstructive sleep apnea, and diabetes mellitus.  Id.  At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 49).

The ALJ further determined Plaintiff retained the RFC to perform "light work" as defined in 20 C.F. R. § 404.1567(b); with a few limitations.  Id.  Specifically, the ALJ found Plaintiff was able to:

> Perform light work with a thirty (30) minutes sit/stand option; no climbing of ramps, stairs, ladders, ropes, scaffolds; occasional balancing and stooping; no kneeling, crouching, and crawling; should not be required to use the lower extremities to operate foot controls; occasional reaching, handling and fingering with the right dominant extremity; should not have concentrated exposure to vibrations; and no work at unprotected heights or around dangerous moving machinery.

Id.  In making this determination, the ALJ found Plaintiff's impairments could reasonably be expected to produce the alleged symptoms.  (Tr. 50).  However, he found Plaintiff's assertions concerning the intensity, persistence, and limiting effects of her alleged symptoms were not entirely credible to the extent they were inconsistent with the RFC assessment.  Id.

At step four, during the hearing, the ALJ utilized the testimony of a vocational expert, Ms. Mancini (the "VE"), to determine if Plaintiff could perform any of her past relevant work.  (Tr. 36-39).  The ALJ posed a series of hypothetical questions to the VE.  The VE explained Plaintiff could, under the first hypothetical, perform her past relevant work as a customer service representative at a call center.  (Tr. 37).  The ALJ proceeded to pose a second hypothetical, which included additional limitations.  (Tr. 37-38). The VE testified that under the second hypothetical, Plaintiff could not perform any of her past relevant work.  Id.  The ALJ then proceeded to step five and asked the VE whether Plaintiff, under the second hypothetical, could perform other work existing in the national economy.  The VE testified Plaintiff could perform the following positions:

Office Helper, Routing Clerk, and a Router. (Tr. 38). Therefore, the ALJ found Plaintiff was not disabled within the meaning of the Social Security Act because she was able to perform her past relevant work.  (Tr. 53).

### III.   ANALYSIS

#### A.   The Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390-91 S. Ct. 1420 (1971).  The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing Walden v. Schweiker, 672 F.2d 835, 838 (11th Cir. 1982) and Richardson, 402 U.S. at 401)).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. Edwards v. Sullivan, 937 F.2d 580, 584 n.3 (11th Cir. 1991); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Foote, 67 F.3d at 1560; accord Lowery v. Sullivan, 979 F.2d 835, 837 (11th Cir. 1992) (explaining how the court must scrutinize the entire record to determine reasonableness of factual findings).

However, the district court will reverse a Commissioner's decision on plenary review, if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine whether the Commissioner properly applied the law. Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

### B.   Issues on Appeal

Plaintiff raises two issues in this appeal. Plaintiff argues the ALJ erred by finding her able to perform her past relevant work as a retail customer service representative. (Doc. 16 at 5). Additionally, Plaintiff believes the ALJ erred in failing to utilize the Medical Vocational Guidelines (the "grids") at step five to determine whether she could perform other work. (Doc. 16 at 6). In response, the Commissioner argues substantial evidence supports the ALJ's decision, and the ALJ's inadvertent substitution was clearly a scrivener's error, not warranting remand. (Doc. 17 at 4-5). Further, the Commissioner argues there was no need to apply step five or even consider application of the grid rules because the ALJ found Plaintiff was not disabled at step four. (Doc. 17 at 6).

#### 1.  Whether the ALJ erred in finding Plaintiff could perform her past relevant work as a retail customer service representative

Plaintiff contends the ALJ erred by finding she was able to perform her past relevant work as a retail customer service representative. (Doc. 16 at 4). Specifically, Plaintiff points out that her past relevant work history included two customer service positions. The first position was a customer service representative in a retail setting, which was classified as light work. The second position was a customer service

representative in a call center, which was classified as a sedentary position. During the hearing, the ALJ posed a series of hypotheticals to the VE and the VE responded Plaintiff would be able to perform the call center position. As Plaintiff notes, the VE never stated Plaintiff could perform the retail position. Despite the VE's testimony, the ALJ, in his decision, found Plaintiff was not disabled at step four because she was able to perform her past relevant work as a customer service representative in the retail setting. (Tr. 53).

In this case, at step four, the ALJ posed three hypotheticals to the VE. In response, the VE testified Plaintiff could perform her past relevant work under hypothetical one but not under the other two hypotheticals. (Tr. at 36-38). For the first hypothetical, the ALJ asked the VE the following:

> [Would an individual of Plaintiff's] age, education, and past work experience, limited to lifting and carrying weights at the light exertional level – 20 pounds occasionally, 10 pounds frequently; the standing and walking, however, would be two hours in an eight-hour workday; sitting for six hours in an eight-hour workday, and it would be a 30-minute sit-stand option; we'll say no -- no climbing -- that would be ramps, stairs, ladders, ropes, scaffolds; occasional balancing, stooping; no kneeling, crouching, crawling; should not be required to us the lower extremities to operate foot controls; and, . . . frequent handling and fingering with the right dominant extremity; should not have concentrated exposure to vibrations; no work at unprotected heights or around dangerous, moving machinery; would such an individual be able to perform the past work of [Plaintiff]?

(Tr. 36-37). The VE responded that the hypothetical person would be able to perform the position of a customer service representative at the call center. (Tr. 37).

For the second hypothetical, the ALJ asked the VE to assume the same individual, however:

> Now . . . this individual, [], would be limited to performing simple, repetitive, non-detailed tasks; with co-worker and public contact casual and infrequent; supervision, direct and non-confrontational; and, changes in the work place, infrequent and gradually introduced. Would such individual be able to perform the past work of [Plaintiff]?

Id. The VE responded that with the additional limitations, the hypothetical individual would not be able to perform any of Plaintiff's past relevant work. (Tr. 38). The ALJ then asked if that same hypothetical individual would be able to perform any other jobs in the national economy and the VE responded that the individual would be able to perform three positions: Office Helper, Routing Clerk, and Router. Id.

Finally, for a third hypothetical, the ALJ asked the VE if the same individual from hypothetical two was "expected to be off task during the work day, for 10 percent of the work day," whether that would affect any of the jobs mentioned by the VE. Id. The VE explained that the hypothetical person may be able to obtain one of the jobs, however, would not be able to keep it. Id.

Case law in this circuit holds: "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002); see also Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999); Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. Pendley, 767 F.2d at 1562. In the instant case, Plaintiff does not contend the hypotheticals failed to take into account all of Plaintiff's limitations. Instead,

Plaintiff only takes issue with the ALJ's finding that Plaintiff could return to her past relevant work as a retail customer service representative rather than the position as a customer service representative in a call center.

When rendering decisions regarding the disability of a claimant, mistakes are bound to happen, and case law suggests that when viewing the evidence in its entirety, occasionally, an ALJ may inadvertently misapply the regulations or the testimony of a vocational expert. However, unless it substantially changes the outcome of the decision, such error will be considered nothing more than a clerical error and will not warrant remand. See Wright v. Barnhart, 153 Fed. App'x. 678, 684 (11th Cir. 2005) (finding that "when an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand")(citing Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983)); Stiles v. Barnhart, 258 F.Supp.2d 996, 1002 n.4 (S.D. Iowa 2003) (finding that the ALJ's incorrect labeling of one of the plaintiff's past jobs constituted nothing more than a harmless error); see also Quaite v. Barnhart, 312 F. Supp. 2d 1195, 1199 (E.D. Mo. 2004) (holding ALJ's statement that plaintiff could not perform simple and repetitive tasks was "a mere typographical or clerical error" and did not warrant reversal because it was clear that ALJ meant to say plaintiff could perform simple and repetitive tasks).

When viewing these errors, it is important to view them in context with the other portions of the findings to determine whether the error was substantial or merely typographical. See Quaite, 312 F. Supp.2d at 1199. Generally, it will then become clear which decision the ALJ intended to render and the mistake can be corrected without having to actually reverse and remand the case. Id.

It is the opinion of this Court that the ALJ's inadvertent substitution of retail customer service representative instead of the call center position was nothing more than a typographical error and does not warrant remand. When viewing the error in context with the other relevant findings, it is clear the ALJ meant to indicate the call center position and not the retail position. Step four requires a determination of whether Plaintiff can return to her past relevant work, and based on the first hypothetical, she can return to her past relevant work as a customer service representative at the call center. Since neither party contests the validity of the first hypothetical and it would not ultimately change the outcome of the case, there is no reason to find that the ALJ's inadvertent substitution constituted anything more than a clerical error. See Wright, 153 Fed. App'x. at 684; Quaite, 312 F. Supp. 2d at 1199. Therefore, this Court finds the ALJ did not commit an error warranting reversal and remand.

### 2. **Whether the ALJ erred by failing to apply the grids**

Plaintiff also argues the ALJ erred by not finding Plaintiff was disabled through application of the grids. (Doc. 16 at 6). At step five of the process for evaluating a claim of disability, the burden shifts to the Commissioner to prove the existence of other jobs in the national economy a claimant can perform. Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Wilson, 284 F.3d at 1227. An ALJ may determine whether the claimant is able to perform other work by posing hypothetical questions to a VE "to establish whether someone with the limitations that the ALJ has previously determined that the claimant has, will be able to secure employment in the national economy." Phillips v.

Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004).  Alternatively, the ALJ may utilize the grids, 20 C.F.R. pt. 404, subpt. P, app. 2, to determine whether a claimant can perform other work.  The Eleventh Circuit has determined that an ALJ may:

> use the grids to determine whether other jobs exist in the national economy that a claimant is able to perform.  However, [e]xclusive reliance on the grids is not appropriate either when [the] claimant is unable to perform a full range of work at a given residual level or when a claimant has non-exertional impairments that significantly limit basic work skills.

Phillips, 357 F.3d at 1242 (internal quotes and citations omitted).

In this case, the ALJ found at step four that Plaintiff was not disabled because she could perform her past relevant work, therefore, there was no need to consider step five or the possible application of the grids. (Tr. at 53); see 20 C.F.R. § 404.1520(f), (g).  However, even assuming Plaintiff could not perform her past relevant work, the ALJ posed a second hypothetical in which he asked the VE whether there were other jobs existing in the economy Plaintiff could perform.  As there is no contention that the hypotheticals posed to the VE did not adequately account for all of Plaintiff's limitations, this was sufficient to satisfy the Commissioner's burden at step five.  Plaintiff did not cite and this Court was unable to locate any authority for the proposition that an ALJ must utilize the grids rather than posing a hypothetical to a VE in order to satisfy the Commissioner's burden at step five.[4]

**IV.  CONCLUSION**

For the foregoing reasons, the Commissioner's decision is hereby **AFFIRMED**.

---

[4] In any event, application of the grids would not have been proper in this case because, as noted above, exclusive reliance on the grids is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has non-exertional impairments that significantly limit basic work skills."  See Phillips, 357 F.3d at 1242 (citations omitted).  As the ALJ found Plaintiff was not able to perform the full range of light work, use of the grids would not have been proper.

The Clerk of the court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this   23rd   day of July, 2013.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record